IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT A. SHANK          *
                         *
v.                       *
                         *    Civil Action No. WMN-11-1067
BALTIMORE CITY BOARD OF  *
SCHOOL COMMISSIONERS <u>et al.</u>  *
                         *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

<u>**MEMORANDUM**</u>

Plaintiff Robert Shank filed this action against his former employer, the Baltimore City Board of School Commissioners (BCBSC) alleging that he was discriminated against on the basis of his race (white).  He also named as defendants several employees of BCBSC (Jerome Jones, Jerry Watkins, and William Watkins) and one former employee of BCBSC (Kevin Seawright). The Complaint contains four counts: Count I – a race discrimination claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u> (Title VII); Count II – a race discrimination claim under the Civil Rights Act of 1867, 42 U.S.C. § 1981; Count III – a race discrimination claim under the Civil Rights Act of 1871, 42 U.S.C. § 1983; and Count IV – a due process claim under 42 U.S.C § 1983.  Counts I and II are brought against Defendant BCBSC only; Counts III and IV are brought against all Defendants.

Defendants Jones, Jerry Watkins and William Watkins have filed Answers to the Complaint.  Defendant BCBSC, however, has filed a motion to dismiss the Complaint in its entirety, ECF No. 7, arguing under Rule 12(b)(6) of the Federal Rules of Civil Procedure that the Complaint fails to state a claim upon which relief can be granted.  Defendant BCBSC also argues in its motion that it is an arm of the state and therefore is immune from suit under § 1983.  Also pending is a motion filed by Plaintiff for default judgment against Defendant Seawright.  ECF No. 12.

The Court turns first to the motion for default judgment. The record reveals that Plaintiff mailed summonses to Seawright at an address associated with BCBSC headquarters and also to his home address, understanding that Seawright had recently resigned from his position with Baltimore City schools.  A restricted delivery receipt signed by Defendant Seawright and reflecting delivery at Seawright's home address was submitted with Plaintiff's Proof of Service filed on August 22, 2011.  ECF No. 3.  When no answer was filed by Seawright, Plaintiff moved for entry of default judgment against Seawright on October 28, 2011. ECF No. 12.  With that motion, Plaintiff's counsel submitted an affidavit clearly indicating that service had been made on Seawright at his home address.  ECF NO. 12-1, Morris Decl. at ¶

2.  The Clerk of the Court entered the default on November 1, 2011, but no default judgment was entered by the Court.

Notwithstanding the clear indication in the record that Seawright had been properly served, counsel for the remaining Defendants, as "friends of the Court," filed an opposition to the motion for default judgment, opining that Seawright was "never served with process."  ECF No. 14 at 1.  Apparently not reading Plaintiff's motion, Defendants' counsel accuses Plaintiff of having "never made any efforts to confirm whether Defendant Seawright received service or not."  Id. at 5. Apparently not reading their own submission either, Defendants' counsel improperly identifies the Defendants in this action as "Neil Duke and Andres A. Alonso."  Id. at 3.  After Plaintiff's counsel in his reply relayed for the third time that Seawright was served at his home address, counsel for the remaining Defendants filed an answer on behalf of Defendant Seawright. ECF No. 16.

While the Court finds that Defendant Seawright was properly placed in default, the Court concludes that the default, nonetheless, should be vacated.  Where possible, federal courts favor the resolution of disputes on their merits, rather than on procedural grounds.  Cf. Foman v. Davis, 371 U.S. 178, 181–182 (1962) (observing, in the context of Rule 15, that "it is ... entirely contrary to the Federal Rules of Civil Procedure for

decisions on the merits to be avoided on the basis of ... mere
technicalities"). Default judgment is a drastic measure because
it prevents the court from doing just that. Accordingly, Rule
55(c) permits a court to set aside a default "for good cause
shown," a decision which "is a matter which lies largely within
the discretion of the trial judge." Fed. R. Civ. P. 55(c);
Payne ex. rel. Estate of Caldaza v. Brake, 439 F.3d 198, 204-205
(4th Cir. 2006). Rule 55(c) therefore must be "liberally
construed in order to provide relief from the onerous
consequences of defaults and default judgments." Lolatchy v.
Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987)
(citations omitted).

In Payne, the Fourth Circuit restated the six factors that
a trial court should consider when determining whether a
defendant has shown "good cause" to vacate a default. They are,
(1) whether the moving party has a meritorious defense, (2)
whether it acts with reasonable promptness, (3) the personal
responsibility of the defaulting party, (4) the prejudice to the
party, (5) whether there is a history of dilatory action, and
(6) the availability of sanctions less drastic." 439 F.3d at
204-205. Here, Defendant Seawright has tendered a potentially
valid defense, it is early in the litigation, Seawright has
acted with reasonable promptness, and the prejudice caused by
defense counsel's error is minimal. In light of the strong

4

preference for decisions on the merits, the Court will vacate the default.

Turning to Defendant BCBSC's motion to dismiss, the Court finds limited merit in BCBSC's Rule 12(b)(6) argument. Plaintiff presents detailed allegations concerning the events that led to his termination.  Plaintiff was hired as an Education Building Supervisor in July 2006 by BCBSC's Facilities Director, Thomas Palardy, a white male.  Shortly thereafter, Palardy was replaced by Defendant Jerry Watkins, an African American male.  Plaintiff was initially highly successful in his new position.  At a meeting of other Education Building Supervisors and other facilities staff, including Plaintiff's supervisors, Plaintiff was singled out by BCBSC's Chief Operating Officer Keith Scroggins for his exceptional performance in handling the maintenance of his assigned school.

After being singled out by Scroggins for recognition, Plaintiff alleges his relationship with his supervisors, Defendants in this action, turned immediately for the worst. Plaintiff was subjected to disciplinary action on the basis of falsified accusations and was otherwise frustrated in the performance of his assigned duties.  In February 2009, Plaintiff's employment with BCBSC was terminated.  Plaintiff alleges that Defendants, who are African American, were motivated by "racial jealousy arising out of a combination of

circumstances, including exceptional performance by Plaintiff, the recognition of that performance by COO Scroggins, and Plaintiff's race."  Compl. ¶ 20 (emphasis in original).

In moving to dismiss under Rule 12(b)(6), BCBSC does little more than recite the basic elements of a Title VII claim. Apparently pasting its argument from a brief from another case, it then contends that "[t]he Complaint is made of mostly of [sic] Plaintiff's bald allegations of discrimination based on her [sic] admitted "problematic" relationship with her [sic] immediate supervisor and other supervisory staff."  Mot. at 6. Although Plaintiff soundly met BCBSC's Rule 12(b)(6) argument in his Opposition, BCBSC did not file any Reply in further support of their motion to dismiss.

The Court acknowledges that the allegations in support of Plaintiff's discrimination claim could be stronger.  Under the facts alleged in the Complaint, plain jealousy without a racial motivation could be inferred as the reason for Plaintiff's termination.  To survive a Rule 12(b)(6) motion, however, a complaint must simply "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."  In considering such a motion, the court is required to accept as true all well-pled allegations in the Complaint, and to construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff.  Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).  One inference that the Court could draw from the facts alleged is that the actions of Defendants were racially motivated.  At this stage in the litigation, that is sufficient.

The Court will also defer resolving the issue of BCBSC's status as an arm of the state and entitlement to Eleventh Amendment immunity at this stage of the litigation.  In the Complaint, Plaintiff asserts that Defendant BCBSC

> operates under the State provision that created it as
> an entity independent of the State of Maryland, and,
> as such, it is not an agency of the State of Maryland.
> The Defendant Board was established to replace the
> administration of schools in Baltimore City, which
> schools previously had been administered directly by
> the Mayor and City Council of Baltimore.  For many of
> its essential functions, the Defendant Board remains
> still dependent upon the City of Baltimore.  In its
> capacity as a creation of State law to administer the
> public schools in a political subdivision of the
> State, Baltimore City, Defendant Board is a person for
> purposes of applying 42 U.S.C. § 1983.

Compl. ¶ 4.  In moving to dismiss on the ground of Eleventh Amendment immunity, BCBSC relies heavily on a recent decision of the Maryland Court of Special Appeals in which that court opined in a footnote that, in its view, "there is no doubt that [BCBSC]

is properly regarded as a State agency." Baltimore City Bd. Of Sch. Comm'rs v. Koba Inst., 5 A.3d 60, 66 n.12 (Md. Ct. Spec. App. 2010) (noting the evolving status of the Baltimore City school board over the years), cert. denied, 20 A.3d 116 (Md. 2010).

While immunity issues are generally decided at the earliest possible stage of litigation, this Court has previously deferred that decision in the face of poor briefing and an inadequate factual record.  See Thornton v. Baltimore City Bd. Of Sch. Comm'rs, Civ. No. WMN-07-1555 (D. Md. March 3, 2008).  The Court also notes that, regardless of any decision on immunity issues as to the § 1983 claim, this case will go forward against BCBPS on the very similar Title VII claim.  Defendants BCBSC's motion insofar as it raises immunity under the Eleventh Amendment will be denied, without prejudice to BCBSC's right to re-raise that issue on motion for summary judgment.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: February 1, 2012.

8