IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT A. SHANK         *
                        *
v.                      *
                        *   Civil Action No. WMN-11-1067
BALTIMORE CITY BOARD OF *
SCHOOL COMMISSIONERS et al. *
                        *
  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER

On March 19, 2013, this Court issued a Memorandum and Order, ECF Nos. 48 & 49, granting in part and denying in part Defendants' Motion for Summary Judgment. While the Court dismissed Plaintiff's due process claim (Count IV), it permitted Plaintiff's remaining claims to go forward. In that ruling, the Court declined to address Defendants' argument that Defendant Baltimore City Board of School Commissioners (the Board) was an "arm of the state" and thus immune from liability under 42 U.S.C. § 1981 and § 1983. The Court reasoned that, because Plaintiff's Title VII claim was going forward and was subject to much of the same evidence and proof, it was of marginal advantage to resolve the immunity issue at that stage. The Court's deferral on that issue was also based on what the Court viewed as a somewhat cavalier approach taken by all parties to this litigation in general and the briefing of the motion for summary judgment in particular.

More than four months after the issuance of that Memorandum and Order, Defendants filed a motion asking the Court to reconsider some aspects of its previous ruling. ECF No. 58. Specifically, they requested that the Court address, and find in Defendants' favor, the issue of the Board's immunity under § 1981 and § 1983. Defendants suggest that a recent unpublished decision of the Fourth Circuit, <u>Gilliland v. Board of Education of Charles County</u>, 526 F. App'x 243 (4th Cir. Apr. 26, 2013), buttresses their previously made immunity arguments. If the Board has the benefit of immunity, Defendants note that so would the Individual Defendants, at least to the extent they have been sued in their official capacities. Defendants also argue in the motion to reconsider that, to the extent the Individual Defendants are sued in their individual capacities, they would enjoy qualified immunity from suit under § 1983.[1]

After multiple extensions, Plaintiff filed an opposition to the motion to reconsider which ignored, for the most part, the salient points in Defendants' motion. Defendants filed a reply, and the motion is now ripe. Upon review of the submitted briefing and the applicable case law, the Court determines that the motion should be granted in part and denied in part.

---

[1] While Defendants deem this a motion for reconsideration, this new qualified immunity argument was not raised in the briefing of the original summary judgment motion.

On the issue of immunity of the Board, the Gilliland decision is not particularly instructive. That the school boards of Maryland counties are generally considered arms of the state has been well established for some time. See Lee-Thomas v. Prince George's Cnty Pub. Schs., 666 F.3d 244, 248 n.5 (4th Cir. 2012); Bd. of Educ. of Baltimore Cnty v. Zimmer-Rubert, 973 A.2d 233, 236-37 (Md. 2009) (collecting cases). The concern of the undersigned has been the status, not of Maryland county school boards in general, but of the school board for Baltimore City. As Judge Joseph H. Young of this Court noted long ago in Patterson v. Ramsey, 413 F. Supp. 523, 530 (D. Md. 1976), the school board of Baltimore City is, or at least was,[2] a "hybrid creature," with elements of state control but also elements of city control.

While Gilliland does not speak specifically to the immunity of the Baltimore City school board, Defendants' motion for reconsideration cites two relatively recent decisions of this Court that do: N.T. v. Baltmore City Board of School Commissioners, Civ. No. 11-356, 2012 WL 3028371 (D. Md. July 24, 2012); and Downing v. Baltimore City Board of School Commissioners, Civ. No. 12-1047, 2012 WL 6615017 (D. Md. Dec. 18, 2012). In both of these decisions, Defendant Board was

---

[2] The Court recognizes that the nature of the state/city hybridization has changed significantly over time.

3

determined to be an arm of the state and entitled to Eleventh Amendment immunity unless that immunity was otherwise abrogated. N.T., 2012 WL 302837, at *2; Downing, 2012 WL 6615017, at *4-6. In opposing the motion to reconsider, Plaintiff did not address any of the cases cited by Defendant.[3]

The Court finds that the Board is an arm of the state and, as an arm of the state, is entitled to immunity from suit under § 1981 and § 1983. See Chi v. Bd. of Educ. of Harford Cnty., Civ. No. 93-3569, 1995 WL 131288, at *3 (D. Md. Feb. 6, 1995) (holding that "[t]he Eleventh Amendment explicitly bars [the plaintiff's] suit against the Board of Education as a state agency with respect to his federal law claims under 42 U.S.C. §§ 1981 and 1983 . . . ."); Brunson v. Howard Cnty. Bd. of Educ., Civ. No. 10-3045, 2011 WL 2269557, at *3 (D. Md. June 3, 2011) (holding that school board, as a state agency, cannot be sued under § 1983); James v. Frederick Cnty. Pub. Schs., 441 F. Supp. 2d 755, 760 (D. Md. 2006) (dismissing § 1983 claim against county school board based on Eleventh Amendment immunity). Therefore, Counts II and III will be dismissed as to Defendant Board. To the extent the Individual Defendants are sued in

---

[3] Plaintiff offers that the issue should be decided on a "fully developed record at trial." ECF No. 65 at 2. Given that Plaintiff took no discovery in this action on this or any other issue, it is difficult to imagine what that record might be or how it would overcome the weight of authority that the Board is an arm of the state for the purpose of immunity.

4

their official capacities in Count III, they are also entitled to Eleventh Amendment immunity. Lewis v. Bd. of Educ. of Talbot Cnty., 262 F. Supp. 2d 608, 612 (D. Md. 2003).

The Court will deny the motion for reconsideration, however, as to the individual capacity claims against the Individual Defendants. "Qualified immunity shields government officials performing discretionary functions from liability for civil damages, insofar as their conduct does not violate clearly established rights of which a reasonable person would have known . . . ." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Whether a government official is entitled to qualified immunity requires a two-part analysis:

> First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right.

Pearson v. Callahan, 555 U.S. 223, 232 (2009).

In arguing for qualified immunity, Defendants suggest that Plaintiff was terminated based upon his "declining performance" reviews and various "other legitimate factors." ECF No. 58 at 11. As the Court noted when ruling on the summary judgment motion, however, there is substantial evidence in the record, in the form of statements by both Plaintiff and a former coworker,

5

Catherine Butler, that the proffered reasons for disciplining Plaintiff and terminating his employment were pretextual and the real reason was their anger that a white employee was singled out for commendation. ECF No. 48 at 11-12; see also id. at 3-4 (citing allegations that Defendants William Watkins and Jerry Watkins presented false evidence at the hearing to support the decision to determinate Plaintiff's employment); 6-7 (citing Butler's statement that Plaintiff received "hostile and unfair treatment" from the Individual Defendants because of his race). Certainly, the unlawfulness of discriminating against an employee because of his race was clearly established and any reasonable person would have known that the alleged conduct was unlawful.

Accordingly, it is this 14th day of January, 2014, by the United Stated District Court for the District of Maryland, ORDERED:

(1) That Defendants' Motion for Reconsideration, ECF No. 58, is GRANTED in part and DENIED in part, in that:

(a) Summary judgment is granted as to the claims against Defendant Baltimore City Board of School Commissioners in Counts II and III;

(b) Summary judgment is granted as to the official capacity claims brought against Jerry Watkins, William Watkins, and Kevin Seawright in Count III;

(c) The motion is otherwise denied;

(2) A scheduling conference, by telephone call to be initiated by counsel for Defendants, shall be held on Tuesday, January 21, 2014, at 10:00 a.m., for the purpose of setting this case in for trial; and

(3) The Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge